**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROSEMARY ANN LYNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-0331-CVE-JFJ** |
| | ) | |
| **ANDREW GEORGE BROWN III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 1). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On June 21, 2019, plaintiff filed a pro se complaint alleging claims of defamation and intentional infliction of emotional distress against defendant. The complaint states that plaintiff and defendant are both citizens of Oklahoma. Dkt. # 1, at 1-2. Plaintiff claims that defendant has repeatedly made false statements suggesting that plaintiff forged documents concerning the estate of defendant's sister, Audrey Brown. Id. at 3. Plaintiff also claims that defendant has falsely alleged that plaintiff stole over $75,000 from Brown's bank accounts. Id. Defendant allegedly hired two persons to impersonate Tulsa Police Department officers who forced plaintiff to sign documents containing false statements, and the documents were allegedly used to convince a "subdued" state court probate judge to deny plaintiff guardianship over Brown. Id. at 4-6. Plaintiff seeks damages in excess of $1 million. Id. at 11.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that plaintiff seeks damages in excess of "the minimal jurisdictional limits of Tulsa County District Courts" and that venue is proper in this Court. However, the complaint does not include any allegations concerning federal jurisdiction over plaintiff's claims. For the Court to have jurisdiction under 28 U.S.C. 1332, plaintiff must allege that the parties are citizens of different states and that the amount in controversy exceeds $75,000. The complaint alleges that plaintiff and defendant are citizens of Oklahoma. Consequently, the parties are not diverse and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal

law.  Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.  <u>See</u> <u>Garley v. Sandia Corp.</u>, 236 F.3d 1200, 1207 (10th Cir. 2001).  Plaintiff does not cite a federal statute or allege that her constitutional rights were violated, and her complaint cannot be construed to assert a claim arising under federal law.  The Court finds no basis to exercise federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 25th day of June, 2019.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE